IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PHILLIPS HARDY, INC., <br> a Missouri corporation <br><br> Plaintiff, <br><br> v. <br><br> MILES EXCAVATING, INC., a Kansas Corporation <br><br> THE CONTINENTAL INSURANCE COMPANY, an Illinois insurance company, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW Plaintiff Phillips Hardy, Inc. ("Phillips Hardy"), by and through the undersigned counsel, and for its Complaint against Miles Excavating, Inc. ("Miles") and The Continental Insurance Company ("Continental") (collectively, "Defendants"), states as follows:

### INTRODUCTORY STATEMENT

1. This is an action by Phillips Hardy, a subcontractor on a public works construction project, against the project's general contractor and the general contractor's surety. Phillips Hardy seeks recovery of the damages it incurred as a result of Defendants' collective failure to pay Phillips Hardy for the labor, material and services Phillips Hardy provided to the project. Defendants owe Phillips Hardy the principal sum of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest and attorneys' fees under Missouri's Prompt Pay Act.

## JURISDICTION AND VENUE

2. Phillips Hardy is a Missouri corporation which provides a variety of construction services, including grading and excavation services.

3. Miles is a Kansas corporation with its principal place of business at 15603 State Avenue, Basehor, KS 66007. Miles may be served through its registered agent, Randall Wiederholt, at 1828 Swift Ste. 310, North Kansas City, MO 64116.

4. Continental is an Illinois insurance company, which may be served through the Missouri Department of Insurance at 301 High Street, Jefferson City, MO 65101.

5. Phillips Hardy brings its action on the statutory payment bond issued by Continental, as more fully described below, pursuant to RSMo. § 522.300.

6. Jurisdiction and venue are proper in the Western District of Missouri, Central Division, in that the Project is located within the jurisdiction of the United States District Court for the Western District of Missouri, and in that Plaintiff is a resident of Cooper County, Missouri.

## GENERAL ALLEGATIONS

7. Phillips Hardy restates and incorporates the allegations set forth in paragraphs 1 through 6 by reference, as if fully set forth herein.

8. Miles entered into an agreement with the Missouri Highway and Transportation Commission regarding a highway construction project involving Route 35 in Clay County, Missouri ("the Project").

9. Miles served as the general contractor for the Project.

10. Pursuant to RSMo. § 107.170, Miles, as principal, and Continental, as surety, issued Payment Bond No. 58720752 ("the Bond") for the protection of persons and entities

providing labor, material and services used in the construction of the Project and guaranteeing payment for such labor, material and services. A true and accurate copy of the Bond is attached as **Exhibit A** and is incorporated herein by reference.

11. Miles has wrongfully withheld payment from Phillips Hardy in the principal amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest and attorneys' fees.

12. Upon information and belief, Miles contends that Phillips Hardy failed to complete the work on the Project in a timely manner and Miles has therefore withheld payment.

13. However, Phillips Hardy did not delay completion of the Project.

14. To the contrary, Miles obtained an extension of time in which to complete the Project from the Project Owner.

15. The Project Owner did not assess any liquidated damages or delay damages against Miles.

16. Miles concealed both the extension of time and the Project Owner's decision not to impose liquidated damages from Phillips Hardy in an effort to persuade Phillips Hardy to accept delay damages and to accelerate Phillip Hardy's own work for Miles' convenience.

### COUNT I: BREACH OF CONTRACT AGAINST MILES

COMES NOW Plaintiff Phillips Hardy, Inc., by and through its attorneys of record, and states as follows for Count I of its Complaint against Defendant Miles Excavating, Inc.:

17. Phillips Hardy restates and incorporates the allegations in paragraphs 1 through 16 by reference, as if fully set forth herein.

18. On or about January 19, 2015, Miles entered into a subcontract agreement ("the Subcontract") with Phillips under which Phillips agreed to complete a certain portion of the grading and excavation work on the Project.

19. A true and accurate copy of the Subcontract is attached as **Exhibit B** and is incorporated herein by reference.

20. Under the terms of the Subcontract, Miles is obligated to pay Phillips Hardy for Phillips Hardy's work on the Project.

21. Phillips Hardy has fully performed its obligations under the Subcontract.

22. Despite Phillips Hardy's full performance, Miles has wrongfully withheld payments from Phillips Hardy in the principal amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32).

23. Miles' withholding of such sums is without reasonable cause and is a material breach of the Subcontract.

24. Phillips Hardy has made demand upon Miles for payment of the balance due, but Miles has failed and refused to pay the balance or any portion thereof.

25. As a result of Miles's breach of the Subcontract, Phillips Hardy has been damaged in the amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest and attorneys' fees.

WHEREFORE, Plaintiff Phillips Hardy, Inc. prays for judgment against Defendant Miles Excavating, Inc. in the amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest thereon at the rate of 18% per annum and reasonable attorneys' fees pursuant to RSMo. § 34.057, or alternatively, interest at the rate of nine percent (9%) per annum from the date payment was due pursuant to RSMo. § 408.020, for

Phillips Hardy's costs incurred herein and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT II: PETITION ON ACCOUNT AGAINST MILES

COMES NOW Plaintiff Phillips Hardy, Inc., by and through its attorneys of record, and states as follows for Count II of its Complaint against Defendant Miles Excavating, Inc.:

26. Phillips Hardy restates and incorporates the allegations in paragraphs 1 through 16 by reference as if fully set forth herein.

27. At the request of Miles and in reliance upon the representations and agreements of Miles, Phillips Hardy furnished labor, materials, services, equipment, supplies and other items required for completion of the Project. All such items were incorporated, consumed or provided in connection with construction of the Project.

28. An account accrued between Phillips Hardy, on the one hand, and Miles, on the other, for the furnishing and completion of Phillips Hardy's scope of work on the Project.

29. Phillips Hardy has submitted pay requests for its work on the Project, which set forth the fair, reasonable and agreed-upon value of Phillips Hardy's work on the Project.

30. Phillips Hardy has made demand on Miles for the amount due for Phillips Hardy's work on the Project. However, Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32) remains due and owing to Phillips Hardy and Miles has failed and refused to pay such sum.

31. The fair and reasonable value of Phillips Hardy's work on the Project which remains unpaid is Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32).

WHEREFORE, Plaintiff Phillips Hardy, Inc. prays for judgment against Defendant Miles Excavating, Inc. in the amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32) plus interest thereon at the rate of 18% per annum and reasonable attorneys' fees pursuant to RSMo. § 34.057, or alternatively, interest at the rate of nine percent (9%) per annum from the date payment was due pursuant to RSMo. § 408.020, for Phillips Hardy's costs incurred herein and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III: QUANTUM MERUIT AGAINST MILES

COMES NOW Plaintiff Phillips Hardy, Inc., by and through its attorneys of record, and states as follows for Count III of its Complaint against Defendant Miles Excavating, Inc.:

32.     Phillips Hardy restates and incorporates the allegations in paragraphs 1 through 16 by reference, as if fully set forth herein.

33.     At the request and/or with the acquiescence of Miles and in reliance upon the representations and agreements of Miles, Phillips provided labor, materials, services, equipment, supplies and other items required for completion of the Project to Miles.  All such items were incorporated, consumed or provided in connection with construction of the Project.

34.     The reasonable value of such materials and services for which Phillips Hardy has not been paid is Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32).

35.     Despite Phillips Hardy's demand for payment, Miles has failed and refused to pay the reasonable value of such materials and services.

WHEREFORE, Plaintiff Phillips Hardy, Inc. prays for judgment against Defendant Miles Excavating, Inc. in the amount of Four Hundred Fifty-one Thousand Three Hundred Seventy

Two and 32/100 Dollars ($451,372.32), plus interest thereon at the rate of 18% per annum and reasonable attorneys' fees pursuant to RSMo. § 34.057, or alternatively, interest at the rate of nine percent (9%) per annum from the date payment was due pursuant to RSMo. § 408.020, for Phillips Hardy's costs incurred herein and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT IV: UNJUST ENRICHMENT AGAINST MILES

COMES NOW Plaintiff Phillips Hardy, Inc., by and through its attorneys of record, and states as follows for Count IV of its Complaint against Defendant Miles Excavating, Inc.:

36. Phillips Hardy restates and incorporates the allegations in paragraphs 1 through 16 by reference, as if fully set forth herein.

37. At the request of Miles and in reliance upon the representations and agreements of Miles, Phillips Hardy conferred a benefit upon Miles by providing labor, materials, services, equipment, supplies and other items required for completion of the Project to Miles. All such items were incorporated, consumed or provided in connection with construction of the Project.

38. Miles received and appreciated the benefit of Phillips Hardy's work in that Phillips Hardy's work allowed Miles to perform its contract with the Missouri Highway and Transportation Commission.

39. Miles' acceptance and retention of the benefit of Phillips Hardy's work on the Project is inequitable, in that Miles benefitted from Phillips Hardy's work but has failed and refused to pay Phillips Hardy in full for its work on the Project in the principal amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32).

40. The fair and reasonable value of Phillips Hardy's work on the Project for which it has not been paid is Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32).

WHEREFORE, Plaintiff Phillips Hardy, Inc. prays for judgment against Defendant Miles Excavating, Inc. in the amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest thereon at the rate of 18% per annum and reasonable attorneys' fees pursuant to RSMo. § 34.057, or alternatively, interest at the rate of nine percent (9%) per annum from the date payment was due pursuant to RSMo. § 408.020, for Phillips Hardy's costs incurred herein and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT V: PROMPT PAY ACT CLAIM AGAINST MILES

COMES NOW Plaintiff Phillips Hardy, Inc., by and through its attorneys of record, and states as follows for Count V of its Complaint against Defendant Miles Excavating:

41. Phillips Hardy restates and incorporates the allegations in paragraphs 1 through 40 by reference, as if fully set forth herein.

42. The Project is a public works project, pursuant to the Missouri Prompt Pay Act, RSMo. § 34.057 (the "Act").

43. Under the terms of the Act, Miles was obligated to make payment to Phillips Hardy within fifteen (15) days of its receipt of payment related to Phillips Hardy's work on the Project.

44. Miles has received payments related to Phillips Hardy's work on the Project, but has failed to make corresponding payments to Phillips Hardy within fifteen (15) days of receipt of such payments.

45. Miles's withholding of payment is without a reasonable, good faith cause.

46. Such withholding is a violation of the Act and entitles Phillips Hardy to recover interest at the rate of eighteen percent (18%) per annum and its attorney's fees.

WHEREFORE, Plaintiff Phillips Hardy, Inc. prays for judgment against Defendant Miles Excavating, Inc. in the amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest thereon at the rate of 18% per annum and reasonable attorneys' fees pursuant to RSMo. § 34.057, or alternatively, interest at the rate of nine percent (9%) per annum from the date payment was due pursuant to RSMo. § 408.020, for Phillips Hardy's costs incurred herein and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VI: ACTION ON BOND AGAINST CONTINENTAL

COMES NOW Plaintiff Phillips Hardy, Inc., by and through its attorneys of record, and states as follows for Count VI of its Complaint against Defendant The Continental Insurance Company:

47. Phillips Hardy restates and incorporates the allegations in paragraphs 1 through 46 by reference as if fully set forth herein.

48. Pursuant to RSMo. § 107.170, Continental issued the Bond to guarantee full payment to persons and entities providing labor, materials and services on the Project. *See* Ex. A.

49. Phillips Hardy provided labor, materials and services which were used in the construction of the Project.

50. Phillips Hardy has completed its work on the Project, including additional work and change orders.

51. Demand has been made for payment of all amounts due and owing to Phillips Hardy for its work on the Project, in the principal amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest and attorneys' fees.

52. Both Miles and Continental have failed and refused to pay the balance owed.

53. All conditions precedent to payment to Phillips Hardy have been satisfied.

WHEREFORE, Plaintiff Phillips Hardy, Inc. prays for judgment against Defendant The Continental Insurance Company in the amount of Four Hundred Fifty-one Thousand Three Hundred Seventy Two and 32/100 Dollars ($451,372.32), plus interest thereon at the rate of 18% per annum and reasonable attorneys' fees pursuant to RSMo. § 34.057, or alternatively, interest at the rate of nine percent (9%) per annum from the date payment was due pursuant to RSMo. § 408.020, for Phillips Hardy's costs incurred herein and for such other and further relief as the Court deems just and proper under the circumstances..

Respectfully submitted,

By: /s/ Caleb Colbert
R. Caleb Colbert, Mo. Bar No. 62806
Jordan Dillender, Mo. Bar No. 64812
BROWN WILLBRAND, P.C.
601 E. Broadway, Suite 203
P.O. Box 1304
Columbia, MO 65205-1304
Phone: (573) 442-3181 Fax: (573) 874-3796
e-mail: ccolbert@brownwillbrand.com
jdillender@brownwillbrand.com
*Attorneys for Plaintiff Phillips Hardy, Inc.*

Exhibit A – Bond
Exhibit B – Subcontract